CHARLES GOLDNER v. BARNEY FINN, IMPLEADED WITH HERMAN PECKHOLTZ AND AUGUST DORSCH.

*Contract—Joint obligors—Evidence.*

1. Two subcontractors and the owner of the building to be erected signed the following agreement:

   "We, the undersigned, do hereby agree that all brick delivered to this building on corner of Hastings and Catherine streets for Mister Finn, which is the proprietor of said building, shall be responsible of said brick for same building."

   *Held*, that it appears from the language employed to have been the plain intention of the parties to *jointly* bind themselves to the payment for all bricks delivered for Mr. Finn's building.

2. In such a case, there being no pretense that the plaintiff was notified of any change in the contract, or that a change afterwards made was not contemplated when the contract was signed, it covers all bricks delivered to the building named for the owner.

3. Where under such a contract the plaintiff delivered 165,000 bricks, and on the trial an architect testified to making a hasty estimate of the quantity of bricks used in the building, computing them at 140,000, but could not be entirely accurate, but was sure that there was not over 150,000, and that the breakage in handling would be between 5 and 10 per cent., and the court left it for the jury to find the amount of brick delivered, under the respective claims of the parties,—

   *Held*, that a request by defendant for an instruction that the plaintiff cannot recover for more brick than were *actually used* in the building was properly refused.

Error to Wayne. (Speed, J.) Argued October 12, 1887. Decided October 20, 1887.

Assumpsit. Defendant Finn brings error. Affirmed. The facts are stated in the opinion.

*John G. Hawley*, for appellant.

*James H. Pound*, for plaintiff.

CHAMPLIN, J. The plaintiff is a manufacturer of bricks in the city of Detroit.

The defendant was the owner of a lot upon which he had contracted with one O'Connell to construct a brick building, which was to be two stories in height; but afterwards, and while the building was in process of construction, the plan was changed so as to make the building three stories high.

O'Connell sublet the brick and mason work to defendants Herman Peckholtz and August Dorsch. These subcontractors applied to the plaintiff to purchase the bricks for the building, but plaintiff refused to sell to them unless defendant Finn would be responsible with them for the bricks he should deliver, which defendant Finn agreed to be. A writing was thereupon drawn up and signed by the three defendants as follows:

"DETROIT, August 27, 1885.

"We, the undersigned, do hereby agree that all brick delivered to this building on corner of Hastings and Catherine streets for Mister Finn, which is the proprietor of said building, shall be responsible of said brick for same building.

"AUGUST DORSCH.
"HERMAN PECKHOLTZ.
"B. FINN."

Plaintiff thereupon went on and delivered, as he claims, 165,000 bricks at $4.50 a thousand. He testified, and it was not contradicted, that Finn had paid him $250 to apply on the contract. The defendant gave testimony to show that on September 7, 1885, the contract was entered into between defendant Finn and O'Connell for an additional story.

Counsel for defendant Finn requested the court to charge the jury as follows:

"1. That the plaintiff is not entitled to recover, as the instrument on which the plaintiff bases his case is not a joint promise by the three defendants.

"2. That in any event the plaintiff is not entitled to recover for any brick except those furnished for the building which was covered by the contract in force at the time the instrument was made.

"3. That the plaintiff cannot recover for more brick than were actually used in Mr. Finn's building."

The court refused to give these instructions, to which the defendant excepts, and these refusals constitute his sole grounds of error.

The writing, upon its face, shows that it was drafted by a person not entirely familiar with the English language. It appears, however, from the language employed, to have been the plain intention of the parties to jointly bind themselves to the plaintiff for the payment for all bricks delivered for Mr. Finn's building.

The second request was properly refused. There is no pretense that plaintiff was notified of any change in the contract, or that a change was not contemplated at the time the contract between plaintiff and defendants was entered into. The writing covers all bricks delivered to this building at the corner of Hastings and Catherine streets for Mr. Finn.

The third request was based upon the testimony of an architect introduced by defendant, who stated that he had just made a hasty estimate of the quantity of brick in the building, and computed them at 140,000; that he could not be entirely accurate, but he was absolutely sure that there was not more than 150,000 bricks in the whole building; and that the breakage in handling the brick would be between 5 and 10 per cent. The court left it to the jury, under the testimony, to find the amount of brick delivered, under the respective claims of the parties. The error alleged upon the refusal to grant the third request is not well assigned.

The judgment will be affirmed, with the costs of both courts to plaintiff.

The other Justices concurred.